DAUKSCH, Chief Judge,
dissenting:
I respectfully dissent. In my opinion there was sufficient lawful evidence presented in the plaintiff’s case to warrant a reversal of the order directing a verdict for the appellee. This case involves a highway patrol trooper who was driving his car at an excessive rate of speed, seventy miles per hour, without using his blue light or siren while he was apparently attempting to clock a speeder. Whether he was operating his car prudently, safely and reasonably under the circumstances is a jury question. When he saw the decedent (who was killed, along with her passenger, in the accident) driving her car into a potentially dangerous position he took evasive actions which were unsuccessful and ran into the decedent’s car, impacting at approximately fifty-four miles per hour. There is some evidence, and proper inferences from the evidence, that had the trooper taken different evasive actions the collision might have been avoided or the force of impact upon the decedents lessened. It is generally not up to the judge to decide negligence issues, that is left to the jury. There is a question of comparative negligence involved here and even if the relative fault is 99-1 the appellant is entitled to have the jury say so. When two moving cars collide it is rare that one party is 100% at fault. It is a jury decision, at the least.